T.C. Memo. 2017-4

UNITED STATES TAX COURT

MICHAEL LOMBARDI, Petitioner <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 22245-13.                    Filed January 4, 2017.

Michael Lombardi, pro se.

<u>Brian A. Pfeifer</u>, for respondent.

MEMORANDUM FINDINGS OF FACT AND OPINION

VASQUEZ, <u>Judge</u>: Respondent determined deficiencies and penalties with respect to petitioner's 2010 and 2011 Federal income tax as follows:[1]

---

[1] Unless otherwise indicated, all section references are to the Internal Revenue Code (Code) in effect for the years at issue, and all Rule references are to the Tax Court Rules of Practice and Procedure.

[*2]

| Year | Deficiency | Penalty sec. 6662(a) |
|------|-----------|----------------------|
| 2010 | $53,676 | $10,735.20 |
| 2011 | 10,642 | 2,128.40 |

After concessions,[2] the issues for decision are: (1) whether petitioner is entitled to a deduction for meals and entertainment expenses for 2010 in excess of the amount respondent allowed, (2) whether petitioner is entitled to a deduction for legal and professional services expenses for 2010 in excess of the amount respondent allowed, and (3) whether petitioner is liable for accuracy-related penalties under section 6662(a).

## FINDINGS OF FACT

Some of the facts have been stipulated and are so found. The stipulation of facts and the attached exhibits are incorporated by this reference. Petitioner resided in Miami, Florida, at the time he filed his petition.

I.  Petitioner's Business

During the years at issue petitioner was the sole shareholder and manager of U.S. Opportunities, LLC (USO). USO was involved in recruiting foreign workers

---

[2] Petitioner conceded that he must include an additional $209,402 in gross income for 2010. Petitioner also conceded that he was entitled to a deduction of only $3,016 for supplies for 2011 and that he could not deduct $14,569 of his total claimed rent and lease expenses for 2011.

[*3] for seasonal jobs in the United States. USO's clients included country clubs, golf courses, national parks, ski resorts, and other similar organizations.

USO's services were comprehensive. As USO's manager, petitioner would first find foreign workers willing to move to the United States temporarily. Petitioner would then hire independent lawyers and other professionals to submit visa applications on behalf of the workers. Finally, petitioner's wife would find housing for the workers near the work locations. Petitioner was successful in recruiting many individuals during the years at issue, and he had clients that requested his services every year.

## II.    Notice of Deficiency

Respondent issued a notice of deficiency to petitioner on July 16, 2013. In the notice, respondent (1) disallowed $6,193 of petitioner's claimed meals and entertainment expense deduction for 2010; (2) disallowed $36,600 of petitioner's claimed legal and professional services expense deduction for 2010; and (3) determined section 6662(a) accuracy-related penalties for 2010 and 2011.[3] Petitioner timely filed a petition with this Court seeking redetermination.

---

[3] Other adjustments in the notice were either conceded or are computational and need not be addressed.

**[*4]**                                    OPINION

I.      Burden of Proof

As a general rule, the Commissioner's determinations in a notice of deficiency are presumed correct, and the taxpayer bears the burden of proving that those determinations are erroneous. Rule 142(a); Welch v. Helvering, 290 U.S. 111, 115 (1933). Section 7491(a) shifts the burden of proof to the Commissioner as to any factual issue relevant to a taxpayer's liability for tax if the taxpayer meets certain preliminary conditions. Higbee v. Commissioner, 116 T.C. 438, 440-441 (2001). This case is decided on the preponderance of the evidence and is not affected by the burden of proof or section 7491(a).

II.     Deductions Generally

Section 162(a) permits a taxpayer to deduct ordinary and necessary expenses paid or incurred in carrying on a trade or business. See Commissioner v. Lincoln Sav. & Loan Ass'n, 403 U.S. 345, 352 (1971). A trade or business expense is ordinary if it is normal or customary within a particular trade, business, or industry, and it is necessary if it is appropriate and helpful for the development of the business. Commissioner v. Heininger, 320 U.S. 467, 471 (1943); Welch v. Helvering, 290 U.S. at 113-114.

**[*5]**    A taxpayer ordinarily must maintain adequate records to substantiate the amounts of his or her income and entitlement to any deductions or credits claimed. See sec. 6001; sec. 1.6001-1(a), Income Tax Regs.  If, however, a taxpayer with inadequate or nonexistent business records is able to prove that he or she paid or incurred a deductible business expense but does not prove the amount of the expense, we may estimate the amount allowable in some circumstances (Cohan rule).  See Cohan v. Commissioner, 39 F.2d 540, 542-544 (2d Cir. 1930).  The taxpayer must introduce sufficient evidence to permit us to conclude that the taxpayer paid or incurred a deductible expense in at least the amount allowed.  See Williams v. United States, 245 F.2d 559, 560 (5th Cir. 1957); Vanicek v. Commissioner, 85 T.C. 731, 743 (1985).  In estimating the amount allowable, we bear heavily upon the taxpayer who failed to maintain required records and to substantiate expenses underlying deductions as the Code requires.  See Cohan v. Commissioner, 39 F.2d at 544.

For certain kinds of business expenses, section 274(d) overrides the Cohan rule.  See Sanford v. Commissioner, 50 T.C. 823, 827-828 (1968), aff'd per curiam, 412 F.2d 201 (2d Cir. 1969).  Section 274(d) provides that no deduction is allowed with respect to travel, entertainment, and listed property (as defined in section 280F(d)(4)) unless the taxpayer substantiates by adequate records or by

[*6] sufficient evidence corroborating the taxpayer's own statement (1) the amount of the expense or item; (2) the time and place of the travel, entertainment, or expense; (3) the business purpose of the entertainment or expense; and (4) the business relationship to the taxpayer of the person or persons entertained.

III.   Meals and Entertainment

Petitioner argues he is entitled to deduct $24,774[4] in meals and entertainment expenses he incurred in 2010.  In support of the deduction petitioner produced copies of receipts and a schedule summarizing the contents of the receipts.  The receipts include petitioner's handwritten statements where he sometimes indicates the business purposes for the expenditures and/or the identities of the individuals being entertained.  Respondent concedes that petitioner adequately substantiated expenses of $12,388 but argues that petitioner has failed to substantiate the excess amount claimed.

The strict substantiation requirements of section 274 apply to "any item with respect to an activity which is of a type generally considered to constitute entertainment".  Sec. 274(d)(2).  The term "entertainment" is defined to include "providing food and beverages".  Sec. 1.274-2(b)(1)(i), Income Tax Regs.

_____

[4] All figures in this section relating to meals and entertainment expenses have not been reduced by the 50% limitation provided under sec. 274(n).

**[\*7]** Therefore, meals and entertainment expenses are subject to strict substantiation requirements, and a taxpayer claiming a deduction for such an expense must show (1) the amount of the expense, (2) the time and place of the entertainment or expense, (3) the business purpose of the entertainment or expense, and (4) the business relationship to the taxpayer of the "person or persons entertained".  Sec. 1.274-5T(b)(3), Temporary Income Tax Regs., 50 Fed. Reg. 46015 (Nov. 6, 1985); see sec. 274(d).

We agree with respondent that petitioner adequately substantiated $12,388 in meals and entertainment expenses.  However, we have reviewed petitioner's remaining receipts and find them to be inadequate to meet the strict substantiation requirements under section 274(d).  First, many of the receipts appear to be for personal expenses.  For example, petitioner included numerous receipts for single cups of coffee that he consumed by himself.  Petitioner also included many receipts for meals he shared with his wife.  These expenses do not generally relate to any legitimate business purpose.  Second, many of the receipts are illegible, and we are unable to determine the amount, time, and/or place of each expenditure.  Finally, many of petitioner's handwritten notations on the receipts do not indicate the business relationship between petitioner and the person being entertained.

**[*8]** Under these circumstances, we find that petitioner can deduct only the meals and entertainment expenses that respondent has conceded.

IV.    Legal and Professional Services

Next we address whether petitioner is entitled to deduct expenses incurred for legal and professional services in excess of what respondent has allowed. Petitioner claimed a deduction of $87,129 on his 2010 return but argued at trial that he is actually entitled to deduct $123,982.41.  Respondent argues that petitioner is entitled to deduct only $50,529.

A taxpayer may deduct the costs of legal and professional services if the costs are ordinary and necessary and directly connected with the taxpayer's business.  See sec. 162; Levenson & Klein, Inc. v. Commissioner, 67 T.C. 694, 719-721 (1977); sec. 1.162-1, Income Tax Regs.  In substantiating his reported expenses, petitioner provided credit card statements and canceled checks.  Several of the checks are inadequate because they are not related to costs incurred for legal and professional services.  For example, petitioner included several duplicate checks and two checks labeled "commission" expenses.  However, we find that the remaining checks and credit card statements petitioner provided (as supported by petitioner's credible testimony) are ordinary and necessary expenses for USO and sufficient to substantiate a large portion of the reported legal and professional

**[\*9]** expenses.  Accordingly, we find that petitioner is entitled to deduct $95,923 for legal and professional services expenses for 2010.

V.    <u>Accuracy-Related Penalty</u>

We next determine whether petitioner is liable for accuracy-related penalties.  Pursuant to section 6662(a) and (b)(1) and (2), a taxpayer may be liable for a penalty of 20% of the portion of an underpayment of tax attributable to: (1) negligence or disregard of rules or regulations or (2) a substantial understatement of income tax.  Whether applied because of a substantial understatement of income tax or negligence or disregard of rules or regulations, the accuracy-related penalty is not imposed with respect to any portion of the underpayment as to which the taxpayer acted with reasonable cause and in good faith.  Sec. 6664(c)(1).  The decision as to whether the taxpayer acted with reasonable cause and in good faith depends upon all the pertinent facts and circumstances.  <u>See</u> sec. 1.6664-4(b)(1), Income Tax Regs.

The term "negligence" in section 6662(b)(1) includes any failure to make a reasonable attempt to comply with the Code and any failure to keep adequate books and records or to substantiate items properly.  Sec. 6662(c); sec. 1.6662-3(b)(1), Income Tax Regs.  Negligence has also been defined as the failure to exercise due care or the failure to do what a reasonable person would do under

**[\*10]** the circumstances.  See Allen v. Commissioner, 92 T.C. 1, 12 (1989), aff'd, 925 F.2d 348, 353 (9th Cir. 1991); Neely v. Commissioner, 85 T.C. 934, 947 (1985).  The term "disregard" includes any careless, reckless, or intentional disregard.  Sec. 6662(c).

The term "understatement" means the excess of the amount of tax required to be shown on a return over the amount of tax imposed which is shown on the return, reduced by any rebate (within the meaning of section 6211(b)(2)).  Sec. 6662(d)(2)(A).  Generally, an understatement is a "substantial understatement" when it exceeds the greater of $5,000 or 10% of the amount of tax required to be shown on the return.  Sec. 6662(d)(1)(A).

The Commissioner has the burden of production with respect to the accuracy-related penalty.  Sec. 7491(c).  To meet this burden, the Commissioner must produce sufficient evidence indicating that it is appropriate to impose the penalty.  See Higbee v. Commissioner, 116 T.C. at 446.  Once the Commissioner meets this burden of production, the taxpayer must come forward with persuasive evidence that the Commissioner's determination is incorrect.  Rule 142(a); see Higbee v. Commissioner, 116 T.C. at 447.  The taxpayer may meet this burden by proving that he or she acted with reasonable cause and in good faith with respect

[*11] to the underpayment.  See sec. 6664(c)(1); see also Higbee v. Commissioner, 116 T.C. at 447; sec. 1.6664-4(b)(1), Income Tax Regs.

Respondent satisfied his burden of production to establish that imposition of the penalty is appropriate because petitioner acted with negligence and disregard of rules.  Respondent showed that there were underpayments of tax for 2010 and 2011 resulting from petitioner's failure to properly report income and to substantiate expenses underlying his claimed deductions.  On his 2010 return petitioner failed to report over $200,000 in gross receipts and claimed numerous business expense deductions for personal items such as meals with his wife.  On his 2011 return petitioner claimed deductions for supplies and rent that he later conceded.  Petitioner offered no evidence that he acted with reasonable cause and in good faith.  Accordingly, we hold that petitioner is liable for section 6662(a) accuracy-related penalties, in amounts which the parties shall determine in their Rule 155 computations for both tax years.[5]

---

[5] In the event the Rule 155 computations demonstrate that petitioner's understatement of income tax for either year exceeds the greater of $5,000 or 10% of the amounts of tax required to be shown on the returns, we conclude that the underpayment for each year will also be attributable to a substantial understatement of income tax for which petitioner has not shown reasonable cause.

**[\*12]** In reaching our holding, we have considered all arguments made, and to the extent not mentioned, we consider them irrelevant, moot, or without merit.

To reflect the foregoing,

<u>Decision will be entered under</u> <u>Rule 155</u>.